■ In the Matter of Cyril Sheppard, Appellant, v Capital District Transportation Authority et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 1, 1974 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment reinstating him to his former position as a bus driver for the respondent corporation. Petitioner was employed as a bus driver by Capital District Transportation System Number One, Capital District Transportation District Incorporated, a wholly owned subsidiary of the Capital District Transportation Authority. On July 9, 1973 he requested a leave of absence from his work for the period from July 16, 1973 through August 20, 1973 for the purpose of attending a backhoe training course in New Jersey. Although this request was denied, he nonetheless chose to attend the training school because he had made advance payment of his hotel expenses and believed that the denial was improper. For its part, his employer sent a letter to his home, stating that he would be discharged if he failed to return to work by August 3, 1973, and, accordingly, upon his return at the completion of the course on August 20, he was informed of his dismissal. Thereafter, when his employer denied him a hearing on the matter and reinstatement pending said hearing, he commenced this proceeding in which Special Term dismissed the petition in view of petitioner's voluntary absence from his employment "for a significant period of time". We agree with Special Term. As petitioner correctly argues in his brief, citing *People v Penn Cent. Co.* (33 AD2d 860), the proper question for the court to determine on this motion to dismiss is whether or not petitioner could succeed at a hearing, if all the material facts of his petition and reasonable inferences therefrom are admitted. He freely admits that he was away from his employ for a five-week period in absolute defiance of his employer whose instructions he intentionally violated. Furthermore, he took this precipitate action without any attempt to resolve the dispute with his employer, nor did he follow the grievance procedures outlined in the contract between the union and his employer prior to leaving for the extended period in New Jersey. In our opinion, such conduct amounts to a voluntary leaving of employment and clearly waives whatever right petitioner may have had to a hearing on this matter. We decide no other issue. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.